UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

KMART CORPORATION,                    )
                                      )
            Plaintiff,                )
                                      )
v.                                    )        Case No. 08 C 866
                                      )
INTERNATIONAL HOME FASHIONS,          )        Judge Robert M. Dow
INC.,                                 )
            Defendant.                )        Magistrate Judge Jeffrey Cole

---

## JOINT STATUS REPORT

Plaintiff, Kmart Corporation ("Kmart"), by and through its counsel, Mark E. Enright and Jason B. Hirsh (Arnstein & Lehr LLP, *of Counsel*), and Defendant, International Homes Fashions, Inc. ("IHF"), through its counsel, Carrie A. Dolan and Cornelius P. Brown (Cohon Raizes & Regal LLP, *of counsel*), and pursuant to this Court's standing order, presents the following Joint Initial Status Report.

### 1.    Attorneys of Record

**Kmart**

Mark E. Enright
Jason B. Hirsh
Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, Illinois 60606
(312) 876-7100

**IHF**

Carrie A. Dolan
Cornelius P. Brown
Cohon Raizes & Regal LLP
208 S. LaSalle Street, Suite 1860
Chicago Illinois, 60604
(312) 726-2252

1

8096120.1

## 2.   The Basis of Federal Jurisdiction

Complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Jurisdiction in this Court exists under 28 U.S.C. § 1332.

## 3.   Nature of the Case.

This case involves Kmart's claim that certain electric blankets and throws sold to it by IHF are defective, unsuitable, unmerchantable, or non-conforming goods. For this reason, Kmart seeks to recover under both certain contractual provisions as well as applicable U.C.C. provisions. IHF has demanded a trial by jury.

## 4.   Principal Legal Issues.

a. Whether IHF breached the terms of its agreement with Kmart by delivering electric throws and blankets that were allegedly defective, unsuitable, non-conforming, and unmerchantable goods;

b. In the event IHF is found to have breached the terms of its agreement with Kmart, the damages due to Kmart;

c. Whether Kmart is entitled to recover damages from IHF under the U.C.C. provisions applicable to non-conforming goods and the implied warranty of merchantability;

d. Whether Kmart's claims against IHF are barred by laches;

e. Whether Kmart is estopped from recovering damages from IHF for goods which are allegedly defective;

f. Whether Kmart's claims are barred by Kmart's alleged unclean hands; and

g. Whether IHF is entitled to set off its costs of repackaging allegedly non-defective goods against the amounts that Kmart is seeking to recover from IHF.

2

5.    **Principal Factual Issues.**

    a.  Whether the goods sold to Kmart by IHF were defective, unsuitable, unmerchantable, and/or non-conforming;

    b.  Whether Kmart returned to IHF goods which were allegedly suitable, merchantable and/or conforming;

    c.  Whether IHF was justified in refusing to accept the return of certain of the goods from Kmart;

    d.  Whether Kmart is entitled to recover from IHF the sum of $1,096,815 for its costs paid for certain goods as well as the cost of inbound freight if paid by Kmart, the cost of outbound freight, and a 10% handling charge;

    e.  Whether Kmart failed to notify IHF within a reasonable time after discovery of the alleged breach that the goods it was seeking to return were defective; and

    f.  Whether IHF incurred or will incur costs as a result of repackaging allegedly non-defective merchandise that Kmart allegedly altered by labeling it defective.

5.    **Discovery and Proposed Discovery Schedule.**

To date, the parties have not commenced discovery. The parties anticipate that basic fact discovery, depositions and expert discovery may be necessary.

The parties propose the following discovery schedule:

**26(a)(1) Disclosures served by:**                    **May 30, 2008**

**Initial Written Fact Discovery served by:**       **June 14, 2008**

**Oral non-Expert Discovery to be Completed by:**  **October 15, 2008**

**Plaintiff's Expert(s) to be Disclosed by:**      **November 15, 2008**

3

8096120.1

**Defendant(s) Experts to be Disclosed by:**        <u>December 15, 2008</u>

**All Discovery to Be Completed by:**        <u>January 31, 2009</u>

### 6.    <u>Trial</u>

The parties are considering whether they will agree to proceed before a Magistrate but have not yet reached a final decision.    At this early stage, without discovery, the parties are uncertain as to the estimated length of trial. After discovery is completed and the parties have had an opportunity to present and brief dispositive motions, the parties should be ready for trial by July 15, 2009.

### 7.    <u>Settlement Discussions.</u>

Since the filing of Kmart's complaint, IHF has made a written settlement offer to Kmart in an attempt to resolve this lawsuit.  Kmart is currently evaluating IHF's offer.

### 8.    <u>Settlement Conference</u>

The parties are currently engaged in informal settlement discussions.    The parties, therefore, do not request a settlement conference at this time.

Respectfully submitted,                    Respectfully submitted,

KMART CORPORATION                    INTERNATIONAL HOME FASHIONS, INC.

By: One of Its Attorneys                    By: One of Its Attorneys
Mark E. Enright                        Carrie A. Dolan
Jason B. Hirsh                        Cornelius P. Brown
**Arnstein & Lehr LLP**                    **Cohon Raizes & Regal LLP**
120 S. Riverside Plaza, Suite 1200            208 S. LaSalle Street, Suite 1860
Chicago, Illinois 60606                    Chicago, Illinois, 60604
(312) 876-7100                        (312) 726-2252

4

8096120.1